UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RALPH THOMAS,

     Plaintiff,

                                       Case No.
                                       Hon.

VS.

CITY OF DETROIT,
TRAVIS KOSTANKO, A. JABER,
WILLIAM ZEOLLA, and
V. ESCHEN,

     Defendants.

_____/

LAWRENCE R. ROTHSTEIN (P19697)
MICHAEL J. ROTHSTEIN (P70240)
Attorneys for Plaintiffs
19068 W. Ten Mile Road
Southfield, MI 48075
(248) 355-2048
lrr@rothsteinlawgroup.com
mjr@rothsteinlawgroup.com

_____/

There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in this complaint.

                         ROTHSTEIN, ERLICH,
                         AND ROTHSTEIN, P.L.L.C.

                         By: s/LAWRENCE R. ROTHSTEIN
                            LAWRENCE R. ROTHSTEIN

## COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes the Plaintiff, RALPH THOMAS, by and through his attorneys,

ROTHSTEIN, ERLICH AND ROTHSTEIN, P.L.L.C. and for his Complaint against the

Defendants, states as follows:

## GENERAL ALLEGATIONS

1.  This action arises under 42 USC 1983. Jurisdiction is conferred by 28 USC 1331, 1343(3), (4).

2.  That Plaintiff is a citizen of the United States and resident of the City of Detroit, Wayne County, State of Michigan.

3.  That the CITY OF DETROIT is a municipal corporation organized and existing under the laws of the State of Michigan, and located in the County of Wayne.

4.  That based upon information and belief, all individual named Defendants are citizens of the United States and residents of the State of Michigan.

5.  That when the events alleged in this complaint occurred, all individual Defendants were acting within the scope of their employment and under color of authority as duly appointed police officers, agents and employees of the CITY OF DETROIT.

6.  At all material times, the CITY OF DETROIT employed TRAVIS KOSTANKO, A. JABER, WILLIAM ZEOLLA, and V. ESCHEN, and they were acting in accordance with authority as Detroit police officers and in accordance with the City of Detroit Police Department's policies, practices and customs, which lead to this complaint.

7.  That on or about March 6, 2009 Plaintiff was unlawfully stopped by Detroit Police officers TRAVIS KOSTANKO, A. JABER, WILLIAM ZEOLLA, and V. ESCHEN, while lawfully walking South down Greenview, near Hessel, in the city of Detroit, County of Wayne, State of Michigan.

2

8.  That on or about March 6, 2009, said Detroit Police officers performed an illegal search of Plaintiff's person.

9.  That on or about March 6, 2009, Defendants acting in concert, physically and verbally attacked Plaintiff, without reason, provocation, or justification and used excessive force against his person beyond what was reasonably necessary.

10. That all Defendant Police officers witnessed the aforementioned attack and failed to take any action in stopping the attack and encouraged, participated and/or facilitated said attack.

11. That on March 6, 2009, after the aforementioned attack, Plaintiff was arrested and detained in the City of Detroit Police Department's custody and/or control until his release on March 8, 2009.

12. That all criminal charges were ultimately dropped.

13. That at all times pertinent hereto, Defendants acted without good faith and used excessive force.

14. That as a direct and proximate result of the aforementioned attacks and unlawful acts of the Defendants, the Plaintiff sustained physical and emotional injuries. In addition thereto, said Plaintiff suffered shock and emotional damage, humiliation and was unable to attend to his usual affairs, render services as he formerly could, and was further hampered and restricted in the enjoyment of the normal pursuit of his life as before, and caused to suffer continued pain and suffering.

15. That as a direct and proximate result of the acts of Defendants as aforesaid, Plaintiff has suffered and will likely continue to suffer in the future non-economic losses including but not limited to emotional pain and suffering.

16. That the actions of the Defendants as complained of herein are predicated upon intentional, deliberately indifferent, grossly negligent, willful, wanton, reckless, malicious and/or oppressive conduct, and the Defendants are therefore not entitled to the defense of governmental immunity.

17. In December of 2000, the Department of Justice initiated an investigation into the use of force and conditions in DPD holding cells pursuant to its authority under the Violent Crime Control and Law Enforcement Act of 1994, 42 USC 14141 ("Section 14141"). The investigation was expanded in May 2001, to include the DPD's arrest and detention policies and practices. During the investigation, the DOJ made recommendations for changes in the DPD's policies and procedures regarding use of force, conditions in DPD holding cells, and arrest and detention practices.

18. In its complaint, the United States alleged that the City and the DPD are engaging in a pattern or practice of unconstitutional or otherwise unlawful conduct that has been made possible by the failure of the City and the DPD to adopt and implement proper management practices and procedures.

19. The DOJ and the City of Detroit Police Department entered into an agreement, which was effectuated pursuant to the authority granted the DOJ under Section 14141, to seek declaratory or equitable relief to remedy a pattern or practice of

4

conduct by law enforcement officers that deprives individuals of rights, privileges or immunities secured by the Constitution or federal law.

20. On June 12, 2003, two Consent Judgments were entered into between the United States Department of Justice and the City of Detroit Police Department, one of which was entitled "Consent Judgment Use of Force and Arrest and Witness Detention."

21. The Detroit Police Department has failed to come into compliance with the terms of the Consent Judgments, and continues to engage in a pattern and practice of conduct by DPD employees that deprives people of rights, privileges and immunities secured and protected by the Constitution of the United States.

22. As it relates to Plaintiff, the Defendants have failed to abide by the terms of the Consent Decree including but not limited to using excessive force and failing to document the use of force and Plaintiff's injuries.

23. The existence of the de facto policy described above was known to officers and supervisory personnel in the Detroit Police Department and in the City of Detroit for a substantial period of time before the incident complained of in this complaint. The City through its supervisors and employees ratified this conduct by its failure to properly investigate, and failure to take corrective action in the form of discipline.

24. That based upon information and belief, supervisory police personnel and the City of Detroit had information and prior notice of the vicious propensities of some

Detroit Police Officers who were involved in the subject incident, but the supervisors and the City as a matter of policy allowed these officers to continue to act in a reckless manner and allowed these defendants to continue to use excessive and brutal force and permit, encourage and assist in post conduct cover up and took no steps to stop these abuses, nor to discipline the officers involved, so as to discourage these officers' further abuse of authority.

## COUNT I – FOURTH AND FOURTEENTH AMENDMENT VIOLATIONS

25.   Plaintiff incorporates by reference paragraphs 1 through 24 of his Complaint as if fully set forth hereunder.

26.   Plaintiff's constitutionally protected rights that Defendants violated by their aforesaid acts and omissions include the following:

   a.   the right to liberty protected in the substantive component of the Due Process Clause of the Fourteenth Amendment, which includes personal safety, freedom from captivity, and right to medical care and protection;

   b.   the fourth amendment right to be free from unreasonable searches and seizures and excessive force;

   c.   the right to fair and equal treatment guaranteed and protected by the Equal Protection Clause of the Fourteenth Amendment.

27. Defendant Officers, acting under color of state law, acted with gross negligence in attacking Plaintiff, an innocent individual, and unlawfully assaulting and battering

6

Plaintiff's person and using excessive force beyond what could be reasonably required under the circumstances.

28. Defendant Officers, acting under color of state law, by their conduct, showed intentional, outrageous, and reckless disregard for Plaintiff's constitutional rights. Further, Defendants' actions against Plaintiff demonstrated further deliberate indifference to Plaintiff's constitutional rights and such behavior was so extreme and outrageous that it shocks the conscience of a civilized society.

29. As a direct and proximate result of Defendants' conduct, Plaintiff was made to suffer physical and emotional injury, including extreme fear, harassment, shock and humiliation; loss of freedom; and other constitutionally protected rights described above.

30. Defendant City of Detroit Police Department, acting under color of state law, authorized, tolerated, ratified, permitted, or acquiesced in the creation of policies, practices, and customs, establishing a de facto policy of deliberate indifference to individuals such as Plaintiff RALPH THOMAS.

31. As a direct and proximate result of these policies, practices and customs, Plaintiff RALPH THOMAS was deprived of his constitutionally protected rights described above.

Wherefore, Plaintiff, RALPH THOMAS, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants in an amount consistent with

the damages sustained for which he is deemed to be entitled, together with interest, costs and attorney fees.

Further, Plaintiff prays for exemplary, punitive and/or treble damages and attorney fees as provided under 42 USC 1983.

## COUNT II – 8TH AMENDMENT VIOLATIONS

32. Plaintiff incorporates by reference paragraphs 1 through 31.

33. The Eighth Amendment of the U.S. Constitution provides, in pertinent part, that excessive bail shall not be required nor excessive fines be imposed nor cruel and unusual punishments be inflicted.

34. Defendants' conduct in unlawfully physically attacking Plaintiff without reason or provocation, violated Plaintiff's constitutionally protected Eighth Amendment right to be free from cruel and unusual punishment.

35. As a direct and proximate result of Defendants' conduct, Plaintiff was made to suffer physical and emotional injury, including extreme fear, harassment, shock and humiliation; loss of freedom; and other constitutionally protected rights described above.

36. Defendant City of Detroit Police Department, acting under color of state law, authorized, tolerated, ratified, permitted, or acquiesced in the creation of policies, practices, and customs, establishing a de facto policy of deliberate indifference to individuals such as Plaintiff RALPH THOMAS.

37. As a direct and proximate result of these policies, practices and customs, Plaintiff
RALPH THOMAS was deprived of his constitutionally protected rights described
above.

Wherefore, Plaintiff, RALPH THOMAS, respectfully requests that this Honorable
Court enter judgment in his favor and against Defendants in an amount consistent with
the damages sustained for which he is deemed to be entitled, together with interest, costs
and attorney fees.

Further, Plaintiff prays for exemplary, punitive and/or treble damages and
attorney fees as provided under 42 USC 1983.

## COUNT III – GROSS NEGLIGENCE

38. Plaintiff incorporates by reference paragraphs 1 through 37 of his Complaint as if
fully set forth hereunder.

39. Defendants owed Plaintiff and others similarly situated, a duty to refrain from grossly
negligent, deliberately indifferent and/or reckless actions which could cause foreseeable
injury and/or deprivation of liberty to Plaintiff, and others similarly situated.

40. Defendant police officers, while in the course of their employment and under color of
authority as duly appointed police officers for the CITY OF DETROIT, Police
Department, breached the duty(s) owed Plaintiff and others similarly situated, by
engaging in grossly negligent, deliberately indifferent and/or reckless actions by

9

unlawfully threatening or offering to do bodily injury to the Plaintiff, using excessive force and unlawfully physically attacking Plaintiff.

41. The actions of the Defendants were deliberately indifferent, intentional, grossly negligent, willful, wanton, reckless, malicious, oppressive, outrageous and shock the conscience of a civilized society, as hereinbefore set forth.

42. That as a direct and proximate result of the actions of the Defendants, as described above, the Plaintiff sustained serious personal injuries as heretofore described together with mental anguish and suffering, loss of enjoyment of life, fear, shock and humiliation and other economic and non-economic damages.

Wherefore, Plaintiff, RALPH THOMAS, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants in an amount consistent with the damages sustained for which he is deemed to be entitled, together with interest, costs and attorney fees.

Further, Plaintiff prays for exemplary, punitive and/or treble damages and attorney fees as provided under 42 USC 1983.

## COUNT IV – ASSAULT AND BATTERY

43. Plaintiff realleges and reincorporates herein by reference paragraphs 1 through 42 of his Complaint as if fully set forth hereunder.

44. That on or about March 6, 2009, Defendants, while in the course of their employment as duly-appointed Detroit police officers, unlawfully restrained, struck, threw,

grabbed or otherwise attacked and threatened or offered to do bodily injury to the Plaintiff, by force, under circumstances which created a well-founded fear of imminent peril, coupled with the apparent present ability to carry out the act.

45. The actions of the Defendants were intentional, deliberately indifferent, grossly negligent, willful, wanton, reckless, malicious and/or oppressive and such behavior was so outrageous and extreme that it shocks the conscience of a civilized society.

46. That as a direct and proximate result of the actions of the Defendants, as described above, the Plaintiff sustained physical injury and serious mental anguish and suffering, loss of enjoyment of life, fear, shock and humiliation.

Wherefore, Plaintiff, RALPH THOMAS, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants in an amount consistent with the damages sustained for which he is deemed to be entitled, together with interest, costs and attorney fees.

Further, Plaintiff prays for exemplary, punitive and/or treble damages and attorney fees as provided under 42 USC 1983.

## COUNT V – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

47. Plaintiff realleges and reincorporates herein by reference paragraphs 1 through 46 of his Complaint as if fully set forth hereunder.

48. The Defendants owed Plaintiff and others similarly situated, a duty to refrain from actions which were so extreme and outrageous as to intentionally or recklessly cause severe emotional distress to Plaintiff and others similarly situated.

49. Defendants, while in the course of their employment and under color of authority as duly appointed Detroit police officers, breached the duty(s) owed Plaintiff, and others similarly situated, and by extreme and outrageous actions, intentionally or recklessly caused severe emotional distress to Plaintiff, as hereinbefore set forth.

50. The actions of the Defendants were intentional, deliberately indifferent, grossly negligent, willful, wanton, reckless, malicious and/or oppressive, as hereinbefore set forth and such behavior was so outrageous and extreme that it shocks the conscience of a civilized society.

51. That as a direct and proximate result of the actions of the Defendants, as described above, the Plaintiff sustained physical injuries and mental anguish and suffering, loss of enjoyment of life, fear, shock and humiliation.

Wherefore, Plaintiff, RALPH THOMAS, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants in an amount consistent with the damages sustained for which he is deemed to be entitled, together with interest, costs and attorney fees.

Further, Plaintiff prays for exemplary, punitive and/or treble damages and attorney fees as provided under 42 USC 1983.

## COUNT VI – FALSE IMPRISONMENT/ARREST

52. Plaintiff realleges and reincorporates herein by reference paragraphs 1 through 51 of their Complaint as if fully set forth hereunder.

53. Defendants, while in the course of their employment and under color of authority as duly appointed Detroit police officers, unlawfully and intentionally used physical force and/or the threat of physical force and restrained Plaintiff thereby depriving him of his personal liberty and freedom.

54. Defendants, while in the course of his employment and under color of authority as duly appointed Detroit Police officers, unlawfully and intentionally arrested and/or restrained Plaintiff thereby depriving him of his personal liberty and freedom.

55. At all times relevant, Plaintiff was conscious of said imprisonment and deprivation of his personal liberty and freedom.

56. That as a direct and proximate result of the actions of the Defendants, as described above, the Plaintiff sustained physical injuries and mental anguish and suffering, loss of enjoyment of life, fear, shock and humiliation.

Wherefore, Plaintiff, RALPH THOMAS, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants in an amount consistent with the damages sustained for which he is deemed to be entitled, together with interest, costs and attorney fees.

13

Further, Plaintiff prays for exemplary, punitive and/or treble damages and attorney fees as provided under 42 USC 1983.

Respectfully Submitted,

ROTHSTEIN, ERLICH,
AND ROTHSTEIN, P.L.L.C.

s/LAWRENCE R. ROTHSTEIN
LAWRENCE R. ROTHSTEIN (P19697)
Attorney for Plaintiff
19068 West Ten Mile Rd.
Southfield, Michigan 48075
(248) 355-2048
lrr@rothsteinlawgroup.com

Dated: January 26, 2011

14

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

RALPH THOMAS,

     Plaintiff,

                                   Case No.
                                   Hon.

VS.

CITY OF DETROIT,
TRAVIS KOSTANKO, A. JABER,
WILLIAM ZEOLLA, and
V. ESCHEN,

     Defendants.

_____/

LAWRENCE R. ROTHSTEIN (P19697)
MICHAEL J. ROTHSTEIN (P70240)
Attorneys for Plaintiffs
19068 W. Ten Mile Road
Southfield, MI 48075
(248) 355-2048
lrr@rothsteinlawgroup.com
mjr@rothsteinlawgroup.com

_____/

## DEMAND FOR JURY TRIAL

     Now come the plaintiff, RALPH THOMAS, by and through his attorneys,

ROTHSTEIN, ERLICH AND ROTHSTEIN, P.L.L.C. hereby demand a trial by jury as to

any and all issues so triable in the captioned matter.

                        ROTHSTEIN, ERLICH,
                        AND ROTHSTEIN, P.L.L.C.

                        s/LAWRENCE R. ROTHSTEIN
                        LAWRENCE R. ROTHSTEIN (P19697)
                        Attorney for Plaintiff
                        19068 West Ten Mile Rd.
                        Southfield, Michigan 48075
                        (248) 355-2048
                        lrr@rothsteinlagroup.com

Date: January 26, 2011